IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT WILKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14-0788 |
| v. ) | |
| ) | Magistrate Judge Susan E. Cox |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before us is plaintiff's Motion for Summary Judgment to reverse or remand the decision of the Commissioner of Social Security, denying his benefits, and the Commissioner's Motion for Summary Judgment to affirm the ALJ's opinion. For the reasons provided, we deny the Commissioner's motion [28] and grant plaintiff's motion to remand [19 and 21].

## STATEMENT

Plaintiff Robert Wilkerson suffers from osteoarthritic hips, knees, and lumbar spine; a history of stroke; and major depressive disorder with psychotic features. The depressive disorder with psychotic features causes him to voice persecutory themes and feel suicidal.[1]

In 2011, plaintiff applied for disability insurance benefits under Title II. His application was denied by the Administrative Law Judge ("ALJ"). The Appeals Council declined to review, and the matter is now before this Court to be affirmed, remanded, or reversed.[2] For the reasons set forth below, the matter is remanded.

The parties are in dispute over four key matters, but we will discuss only the one necessitating remand: the ALJ's failure to account for the plaintiff's moderate limitations in

---

[1] R. at 251-52 (explaining that plaintiff often thinks that people are following him or talking about him, and once threatened to jump off a roof due to these delusions).
[2] 42 U.S.C. § 405(g).

1

concentration, persistence, and pace when assessing the plaintiff's Residual Function Capacity ("RFC"). Specifically, plaintiff argues that the ALJ failed to properly articulate these limitations to the vocational expert.[3]

The Seventh Circuit has established that when an ALJ presents a flawed hypothetical to a vocational expert, the ALJ's opinion must be remanded.[4] In the instant case, the ALJ inquired about the availability of jobs limited "to only simple unskilled work."[5] The Seventh Circuit has consistently found that ALJs cannot account for moderate limitations of concentration, persistence, or pace by merely restricting a claimant to simple, routine tasks.[6] Plaintiff relies on *O'Connor-Spinner v. Astrue*, wherein a woman with depression (among other physical impairments) sought disability benefits.[7] In *O'Connor-Spinner*, the Seventh Circuit established that an ALJ must use language more specific than "simple or repetitive tasks" to accommodate for her moderate limitations in concentration, persistence, and pace.[8]

Here, plaintiff also deals with depression with psychotic features, which has left him with difficulties in concentration and task completion.[9] However, the Commissioner argues that the instant case can be distinguished from *O'Connor-Skinner* because there the court used the phrase "concentration, persistence, **and** pace" whereas the ALJ in the instant case used the phrase "concentration, persistence, **or** pace." This is not a compelling argument because the Seventh

---

[3] R. at 10.

[4] *Young v. Barnhart*, 362 F.3d 995, 1005 (7th Cir. 2004) ("When the hypothetical question is fundamentally flawed because it . . . does not include all of the limitations supported by medical evidence in the record, the decision of the ALJ that a claimant can adjust to other work in the economy cannot stand."); s*ee also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 616-18 (7th Cir. 2010) ("Our cases generally have required the ALJ to orient the VE to the totality of a claimant's limitations.").

[5] R. at 68.

[6] *Yurt v. Colvin*, 758 F.3d 850, 859-60 (7th Cir. 2014) ("[W]e have repeatedly rejected the notion that a hypothetical . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace"); *Rodriguez v. Astrue*, 09 C 1810, 2010 WL 2136672 (N.D. Ill. 2010) (establishing that the Seventh Circuit has consistently found that "simple, routine tasks" is an inadequate modifier to account for moderate limitations on concentration, persistence, or pace) (citing *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009); *see also Craft v. Astrue*, 539 F.3d 668, 677 (7th Cir. 2008)).

[7] *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 616-18 (7th Cir. 2010).

[8] *O'Connor-Spinner*, 627 F.3d at 620.

[9] R. at 12.

Circuit has often used the word "or" and "and" interchangeably when discussing this particular issue.[10]

The Commissioner also argues that the ALJ's error is "at most harmless error" and that the evidence on the record indicates that the ALJ's hypothetical would be adequate to accommodate the plaintiff's limitations.[11] We acknowledge that there are exceptions, or situations where the ALJ's failure to frame the hypothetical accurately has not resulted in remand.[12] However, the exceptions are in the minority and are limited to when the ALJ's alternative phrasing specifically excludes the tasks that cause the moderate limitations on the plaintiff's concentration, persistence, or pace.[13] The ALJ did not do so in the instant case. In fact, she used language that the Seventh Circuit has explicitly ruled against.[14] An ALJ is required to

---

[10] *See, e.g., Yurt v. Colvin*, 758 F.3d 850, 859-60 (7th Cir. 2014) ("The ALJ specifically found at Step 4 that [plaintiff] had 'moderate difficulties . . . [with] regard to concentration, persistence, **or pace**' . . . the blanket statement that [plaintiff] could perform 'unskilled' work fails to accurately capture [plaintiff's] documented difficulties with concentration, persistence, **and pace**.") (emphasis added); *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) ("In most cases, however, employing terms like "simple, repetitive tasks" on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence, **and pace** . . . The Commissioner, however, relies upon [*Simila, Sims,* and *Jens*], for the broad proposition that an ALJ may account generally for moderate limitations on concentration, persistence, **or pace** by restricting the hypothetical to unskilled work") (emphasis added); *Kasarsky v. Barnhart*, 335 F.3d 539 (7th Cir. 2002) ("This question did not, however, focus [the VE's] attention on the additional limitations of deficiencies in ability to concentrate, persistence, **and pace** . . . We see nothing in this description, however, that takes into account the ALJ's own earlier observation . . . that [plaintiff] suffered from frequent deficiencies of concentration, persistence, **or pace**.") (emphasis added).
[11] Commissioner's Mot. For Summ. Judg., 9-10.
[12] *See O'Connor-Spinner*, 627 F.3d at 620 (explaining that the Seventh Circuit at times allows language in VE hypotheticals that deviates from the standard phrase "moderate limitation on concentration, persistence and pace"); *Arnold v. Barnhart*, 4733 F.3d 816, 820, 813 (7th Cir. 2007) (allowing a hypothetical that used the phrase "low-stress, low-production work" to account for a plaintiff's difficulties with concentration, persistence, and pace stemming from stress-induced headaches, frustration, and anger); *Sims v. Barnhart*, 309 F.3d 424, 427, 431-32 (7th Cir. 2002) (allowing a hypothetical that used the phrase "low-stress, uncomplicated work" to account for a plaintiff's limitations arising from a panic disorder); *Johansen v. Barnhart*, 314 F.3d 283 (7th Cir. 2002) (allowing the phrase "repetitive, low-stress work" in a hypothetical to a VE to account for a plaintiff's limitations on concentration, persistence, and pace stemming from a panic disorder).
[13] *See id.* at 619-20 (explaining when the Seventh Circuit will accept language other than "moderate limitation on concentration, persistence, and pace" when posing hypotheticals to a VE so long as the alternative phrases specifically excludes the tasks that cause the limitations. For example, the court approves of "repetitive, low-stress work" in reference to limitations caused by stress, and allows ALJs to reference the specific impairment in the hypothetical, although the Court states that this is "troubling").
[14] *See O'Connor-Spinner*, 627 F.3d at 620 (explicitly stating that in a hypothetical to a VE, saying "simple, unskilled" work is not an adequate limitation replacement for "moderate limitations on concentration, persistence, and pace").

orient the VE to the totality of an applicant's claims and, without that, the ALJ's RFC assessment was in error and necessitates a remand.[15]

**It is so ordered.**

Entered: February 23, 2015

/s/ Susan E. Cox

**Susan E. Cox
U.S. Magistrate Judge**

---

[15] *O'Connor-Spinner*, 627 F.3d at 619 (establishing that an ALJ's failure to orient the VE to all of an applicant's limitations is cause for remand) (*citing Simila v. Astrue,* 573 F.3d 503, 520 (7th Cir.2009); *Indoranto v. Barnhart,* 374 F.3d 470, 474 (7th Cir.2004); *Young v. Barnhart,* 362 F.3d 995, 1003 (7th Cir.2004); *Steele v. Barnhart,* 290 F.3d 936, 942 (7th Cir.2002); *Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir.2005); *Boyd v. Apfel,* 239 F.3d 698, 706–07 (5th Cir.2001); *Decker v. Chater,* 86 F.3d 953, 955 (10th Cir.1996)).